Matthias and Williams, JJ.,
 

 dissenting. The new Appellate Procedure Act does not contemplate that an appeal may be perfected by a recital in a journal entry. Section 12223-4, General Code, provides in effect that an appeal shall be deemed perfected
 
 when written notice of appeal shall he filed
 
 with the lower court and
 
 *340
 
 no subsequent step shall be deemed jurisdictional. Section 12223-5, General Code, prescribes that the notice of appeal designate the order, judgment or decree appealed from and whether the appeal is to be on questions of law or questions of law and fact; that in the notice the party appealing shall be designated as the appellant and the adverse party as appellee; that the case shall be styled the same as in the court of origin; that the failure to designate the type of hearing upon appeal is not jurisdictional and that “the notice of appeal may be amended by the appellate court.”
 

 In this case there was added to the journal entry, ruling on the motion for a new trial, the words, “defendants hereby give notice of appeal.” This statement does not even indicate what order, judgment or decree was appealed from or whether the appeal was on questions of law and fact or on questions of law only. It is clear that the Court of Appeals would be powerless to amend the notice of appeal as authorized by statute, when the only attempted notice was the insertion of the above quoted language in the journal entry in the Court of Common Pleas. The appellant failed to file a notice of appeal as required by law; and such failure was not merely a technical omission. To permit the proposed evasion of the statute is' in effect to repeal the provisions referred to. Legislation is the province of the General Assembly. The appeal should have been dismissed by the Court of Appealsr